■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WAITHE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deeley, J.), rendered July 8, 1987, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his guilt of burglary in the second degree beyond a reasonable doubt. Viewing the evidence adduced at trial in a light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. The People presented evidence that the defendant entered the complainant's apartment without her permission and was seen carrying her portable television towards a half-open window.

The defendant also contends that the complainant's testimony should not have been believed by the jury. However, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Thompson, J. P., Weinstein and Rubin, JJ., concur.

Brown, J., dissents and votes to reverse the judgment appealed from and to dismiss the indictment, with the following memorandum: The defendant stands convicted of burglary in the second degree based upon a charge that he was 1 of a group of 3 men who burglarized the apartment of the complainant Delores Taylor during the early morning hours of January 5, 1985. According to the complainant, she was awakened at 4:30 A.M. by a loud crash and left her bedroom to investigate. From her foyer, she observed the figure of a man in the darkened living room. When she screamed, "What do

you want?" and turned on the light, the man ran toward the apartment door yelling, "come on, man, let's go". The complainant then went into her kitchen, where the light was already on, and saw a second man carrying her television toward the window. When she yelled, this man turned and dropped the television and ran past her out the apartment door. According to the complainant, when the man turned she looked at his face from approximately four feet away and recognized him as a security guard who worked at the apartment complex. Approximately one week later, she identified the defendant as the individual whom she had seen in her kitchen and claimed that she had previously seen him on a number of occasions on her way to work during the period from March through November 1985. Ms. Taylor further claimed that after the defendant ran from the apartment she observed a third man on the fire escape, but could not see his face. After all of the men had fled, she locked the door and the kitchen window.

On the basis of this evidence, viewed in the light most favorable to the People, there is clearly a legally sufficient case to establish the defendant's guilt of the crime for which he was convicted (People v Contes, 60 NY2d 620). However, certain portions of the remainder of the evidence in the case, lead me to the conclusion that the verdict was against the weight of the evidence.

First, the complainant's testimony about her actions after the burglary raise some doubts as to the events. Rather than reporting the burglary at the time of its occurrence, she testified that she went to her brother's house and then waited until the following evening to return to her apartment to investigate whether any of her property had been taken. It was only then that she reported the incident to the police. Moreover, there was no corroborative evidence to establish that a burglary even took place. A police investigation failed to disclose any signs of forced entry, nor any evidence that the apartment was in disarray. Nor were the police able to recover any identifiable fingerprints from either the television or the window. The complainant herself testified that prior to going to bed on the evening of the burglary, she had locked her apartment door and windows. Although there was testimony that a duplicate key for the front door was kept in the building manager's office, a representative of the security firm which had employed the defendant testified that the company's employees did not have keys to individual apartments. Thus, there is no evidence as to how the burglars might have

entered the apartment. Also lacking is any evidence, other than the complainant's testimony regarding the property she discovered missing upon her return to the apartment the evening following the burglary, that a larceny occurred.

On the other side of the coin, the defendant presented a number of alibi and character witnesses. He also testified on his own behalf, denying his participation in the crime. In addition, he testified that a few months prior to the alleged burglary, while he was still employed as a security guard, the complainant had accused him of stealing her car, although no charges were ever lodged against him. The complainant denied ever accusing him of such a crime. Also testifying on the defendant's behalf was one of his former co-workers, who indicated that the complainant had offered him money if he would testify against the defendant. The complainant denied knowing this witness or offering him money.

In my view, the evidence presented does not support beyond a reasonable doubt the conviction of the defendant, an individual with no criminal background, a good work record and apparently strong family and community ties. While I am not unmindful of the principle that the conclusions of the triers of the fact are to be awarded great deference (People v Garafolo, 44 AD2d 86), upon reviewing the entire record, and after weighing the conflicting evidence and considering the inferences to be drawn therefrom, and given the absence of evidence corroborating the complainant's story, I am not satisfied that the verdict is supported by the weight of the evidence (see, CPL 470.15 [5]; People v Bleakley, 69 NY2d 490).